UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>        Plaintiff,<br><br>v.<br><br>LFS DEVELOPMENT, LLC,<br><br>        Defendant. | Case No.: 3:21-cv-298-CAB-BGS<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

  The original complaint in this action, filed in state court, asserted one claim under federal law for violation of the Americans with Disabilities Act ("ADA"), along with a claim for violation of California's Unruh Act. [Doc. No. 1-2.] Defendant LFS Development, LLC removed the action to this Court under 28 U.S.C. § 1441(a) based on the existence of a federal question (the ADA claim) and supplemental jurisdiction over the state claims. [Doc. No. 1.] Defendant subsequently filed a motion to dismiss the complaint. [Doc. No. 10.]

  On April 23, 2021, Plaintiff amended his complaint in response to Defendants' motion to dismiss. [Doc. No. 11.] Plaintiff's First Amended Complaint ("FAC") drops the ADA claim and instead asserts only two state law claims for violation of the Unruh Act and California's Unfair Competition Law. [*Id.*] The FAC asserts jurisdiction based on removal because the case "originally contained an ADA claim and defendants removed the case from state court to federal court." [*Id.* ¶ 4.]

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Here, the FAC alleges two state law claims for violation of California's Unruh Act and Unfair Competition Law. The FAC does not allege any cause of action involving federal law, or that Plaintiff's right to relief depends on the resolution of a substantial question of federal law. *Id.* Thus, federal question jurisdiction is absent because no

"federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Nor is there diversity jurisdiction. For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The FAC states that it seeks injunctive relief, "equitable nominal damages for violation of civil rights," and actual damages plus statutory damages of at least $4,000 per offense under the Unruh Act. [Doc. No. 11.] However, it is not facially evident from the FAC that the amount in controversy exceeds $75,000, and neither party has presented evidence indicating otherwise.

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and **REMANDS** the case to San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated: April 23, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge